IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TONY ALLEN COOLEY,**

    **Plaintiff,**

    v.                                                  **CASE NO. 25-3002-JWL**

**(FNU) JOHNSTON, et al.,**

    **Defendants.**

## **MEMORANDUM AND ORDER**

Plaintiff, Tony Allen Cooley, who is currently in custody at the Douglas County Jail in Lawrence, Kansas ("DCJ"), brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff claims that he has not been provided with adequate nutrients and portion sizes on the vegan diet at the DCJ. (Doc. 1, at 2; Doc. 1-1, at 2.) He alleges that he at times has to skip his medication "because of short portions." *Id.* at 2. Plaintiff asserts violation of his rights under the Eighth Amendment. *Id.* at 5.

Plaintiff has not filed a motion for leave to proceed in forma pauperis or paid the filing fee. However, even if he had requested leave to proceed in forma pauperis, Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

state a claim upon which relief may be granted."[1]  Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury.  *Id.*

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'"  *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)).  The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'"  *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted).  "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'"  *Id.* (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury.  Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action.  Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court.  If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

---

[1] Prior to filing the instant complaint, the Court finds at least three prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Cooley v. McGovern,* Case No. 08-cv-3004-SAC (D. Kan. March 25, 2008) (dismissed for failure to state a claim upon which relief may be granted); *Cooley v. McGovern*, Case No. 09-cv-3098-SAC (D. Kan. June 26, 2009) (same); *Cooley v. Diamond Medical*, Case No. 22-cv-3145-SAC (D. Kan. August 11, 2022) (same).

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **February 3, 2025,** to submit the $405.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

Dated January 6, 2025, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**